UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CIRON B. SPRINGFIELD, | No. 2:18-cv-0016 DB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| M. VOONG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint for screening and his motion to proceed in forma pauperis.[1]

**I.    Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

---

[1] Plaintiff filed a first amended complaint before his original complaint was screened. Pursuant to Federal Rule of Civil Procedure 15(a), the amended complaint is the operative pleading in this case.

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial

plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

IV. **Plaintiff's Allegations**

At all relevant times, plaintiff was a state inmate housed at California Men's Colony in San Luis Obispo, California. He names as defendants M. Voong, the Chief of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"), and J. Knight, an Appeals Examiner with the CDCR Office of Appeals.

Plaintiff's allegations may be fairly summarized as follows:

On November 13, 2015, defendant Voong canceled at the Third Leve of Review an appeal that had previously been filed by plaintiff, Appeal Log No. LAC-15-1866 (the "1866 Appeal"). First Am. Compl. ("FAC") Ex. A. The appeal was canceled as untimely since the second level response was returned to plaintiff on July 22, 2015, and the Office of Appeals did not receive an appeal until September 23, 2015.

On or around November 29, 2015, plaintiff filed an inmate grievance, Appeal Log No. OOA-15-03596 (the "3596 Appeal"), concerning Voong's cancelation of the 1866 Appeal. FAC Ex. D. There, plaintiff claimed that Appeal 1866 was untimely because he had been placed in a mental health crisis bed from July 19, 2015, to September 31, 2015, where he was without access to his legal materials or a pen because he was on suicide watch.

On February 25, 2016, defendants J. Knight and Voong considered Appeal 3596 at the Director's Level of Review and determined that plaintiff's claim had merit. FAC Ex. H. Accordingly, they provided plaintiff up to 30 days to re-submit Appeal 1886 with appropriate documents attached for processing.

It appears plaintiff did resubmit Appeal 1886 for processing, but twice the appeal was rejected by Voong. The appeal was first rejected on July 5, 2016, because plaintiff attached excessive documentation. See FAC Ex. B. On resubmission, the appeal was rejected on August 3, 2016, because plaintiff had removed all supporting documents, not just those deemed excessive. Id. Ex. C. The latter rejection letter informed plaintiff that he could take corrective action

necessary and resubmit the appeal in a timely manner. It is unclear, though, if plaintiff in fact resubmitted Appeal 1886 with appropriate documentation attached.

Plaintiff claims the defendants' conduct violated his First Amendment right to redress the government. For this alleged violation, plaintiff seeks damages, declaratory relief, and injunctive relief.

## V. Discussion

Though presented as a First Amendment right to redress claim, plaintiff's allegations are premised on the processing of his inmate grievance and are thus properly construed as an alleged violation of his Eighth Amendment right to due process. Generally, though, inmates have no separate constitutional right to a prison grievance or appeal system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Without any additional allegations in support of this claim, plaintiff fails to state a claim.

The pleading may also be liberally construed to state an access to court claim. Prisoners have a constitutional right to access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403,

4

412-15 (2002); see also Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting Lewis, 518 U.S. at 353 & n.4).

Plaintiff has not alleged actual injury. He has also not provided sufficient facts to determine whether he is alleging a forward-looking access claim or a backward-looking claim. In the absence of these allegations, he fails to state an access to court claim.

**VI. Conclusion**

For the reasons set forth above, plaintiff's pleading fails to state a claim. The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment).

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

5

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of CDCR filed concurrently herewith.
3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
4. Within thirty (30) days from the date of service of this order, plaintiff must:
    a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he wishes to stand on his complaint as written; and
5. If plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

Dated: October 29, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7
DB/Inbox/Substantive/silv0017.scrn