UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>M. VOONG,<br><br>    Defendant. | No. 2:18-cv-0016 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint was previously screened and found to state no cognizable claims. Plaintiff's second amended complaint is now before the Court for screening.

**I.  Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

1

substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Plaintiff's Allegations**

At all relevant times, plaintiff was a state inmate housed at California Men's Colony ("CMC") in San Luis Obispo, California. He names as defendants M. Voong, the Chief of Appeals for the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff's allegations and the documents attached to the pleading may be fairly summarized as follows:

On November 13, 2015, defendant Voong canceled at the Third Leve of Review an appeal that had previously been filed by plaintiff, Appeal Log No. LAC-15-1866 (the "1866 Appeal"). Sec. Am. Compl. ("SAC") Ex. A. The appeal was canceled as untimely since the second level response was returned to plaintiff on July 22, 2015, and the Office of Appeals did not receive an appeal until September 23, 2015.

On or around November 29, 2015, plaintiff filed an inmate grievance, Appeal Log No. OOA-15-03596 (the "3596 Appeal"), concerning Voong's cancelation of the 1866 Appeal. SAC Ex. D. There, plaintiff claimed that Appeal 1866 was untimely because he had been placed in a

2

mental health crisis bed from July 19, 2015, to September 31, 2015, where he was without access to his legal materials or a pen because he was on suicide watch.

On February 25, 2016, Appeal 3596 was granted in part at the Director's Level of Review after it was determined that plaintiff's claim had merit. SAC Ex. H. Accordingly, plaintiff was provided 30 days to re-submit Appeal 1886 with appropriate documents attached for processing.

It appears plaintiff did resubmit Appeal 1886 for processing, but twice the appeal was rejected by Voong. The appeal was first rejected on July 5, 2016, because plaintiff attached excessive documentation. See SAC Ex. B. On resubmission, the appeal was rejected on August 3, 2016, because plaintiff had removed all supporting documents, not just those deemed excessive. Id. Ex. C. The latter rejection letter informed plaintiff that he could take the necessary corrective action and resubmit the appeal in a timely manner. It is unclear, though, if plaintiff in fact resubmitted Appeal 1886 with appropriate documentation attached.

Plaintiff claims defendant Voong's repeated rejections violated plaintiff's "First Amendment right of access to the courts." He contends that Voong was aware that plaintiff was housed in a mental health crisis bed with limited access to materials and pen and paper. Voong then disregarded these facts and interfered with plaintiff's ability to exhaust his administrative remedies. Plaintiff accuses Voong of improperly rejecting his grievances because of plaintiff's history of filing inmate grievances and his history of helping others file such grievances. Plaintiff seeks damages, declaratory relief, and injunctive relief.

**IV. Discussion**

**A. Access to Courts**

Generally, prisoners have a constitutional right to access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002); see also Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those

3

involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, as plaintiff was previously informed, he must allege "actual injury," which is the threshold requirement to any access to courts claim. Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting Lewis, 518 U.S. at 353 & n.4).

In addition, plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Plaintiff's second amended complaint fails to allege the actual injury required to state an access to courts claim. See Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. While he alleges that he was pursuing the 1886 Appeal to exhaust his administrative remedies, there are no allegations regarding the nature of the underlying claim included in the pleading itself or in any of the attachments. The Court is therefore unable to determine whether the underlying claim is non-frivolous. Furthermore, plaintiff does not include any allegations as to whether he was in fact prevented from exhausting his administrative remedies that, in turn, prevented him from pursuing the underlying claim. Thus, the Court finds that plaintiff's pleading fails to include any "factual matter" to show how or why defendant Voong caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. Lewis, 518 U.S. at 348; Jones, 393 F.3d at 936; Iqbal, 556 U.S. at 678.

This claim must therefore be dismissed.

////

### B. First Amendment Retaliation

Though plaintiff presents his claim as an access to courts claim, plaintiff also accuses defendant Voong of retaliating against him for filing grievances on behalf of himself and others. The fundamentals of a retaliation claim are easily summarized: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). It is the plaintiff's burden to prove each of these elements. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Under the first element, plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Id. (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). The interest cognizable in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive.

To prove the second element – retaliatory motive – plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. CDCR, 647 F.3d 870, 882–83 (9th Cir. 2011); accord Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed

opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882.

The third element concerns a prisoner's First Amendment right to access the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). While prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567–68. Protected speech also includes an inmate's statement of intent to pursue an administrative grievance or civil litigation. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Rhodes, 408 F.3d at 567; Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Under the fourth element, plaintiff need not demonstrate a "total chilling of his First Amendment rights," only that defendant's challenged conduct "would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568–69 (citation and internal quotation marks omitted). Moreover, direct and tangible harm will support a retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Id. at 568 n.11. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 568 n.11).

Regarding the fifth element, the Ninth Circuit has held that preserving institutional order, discipline, and security are legitimate penological goals that, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo, 778 F.2d at 532. When considering this final factor, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). Plaintiff bears the burden of pleading and proving the

absence of legitimate correctional goals for defendant's challenged conduct. Pratt, 65 F.3d at 806. A plaintiff must prove that the alleged retaliatory motive was the but-for cause of the challenged actions. Hartman v. Moore, 547 U.S. 250, 260 (2006).

Plaintiff alleges that Voong improperly rejected his appeals in retaliation for plaintiff's history of filing grievances. However, plaintiff also alleges – and the attachments demonstrate – that Voong's rejections were based on legitimate penological reasons – for example, the inclusion or exclusion of relevant documents necessary for processing. In addition, plaintiff's claim that these rejections were because of his protected activity appears to be based on speculation only since plaintiff offers no allegations showing that Voong's rejections were close in time to plaintiff's protected conduct, that Voong had expressed any sort of opposition to plaintiff's protected conduct, or that Voong's rejections were pretextual.

Without these facts, plaintiff's retaliation claim fails.

## V.    Conclusion

Plaintiff again fails to state a claim on which relief may be granted. The Court will grant plaintiff **one final opportunity** to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his second amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the second amended complaint without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d

605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Third Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, plaintiff must file either a third amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the second amended complaint; and

2. If plaintiff fails to file a third amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: June 3, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/spri0016.scrn 2AC