UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. VOONG, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0016 DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first and second amended complaints were previously found to state no cognizable claims. Plaintiff's third amended complaint is now before the Court for screening.

**I.　Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.　Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

1

substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

At all relevant times, plaintiff was a state inmate housed at California Men's Colony ("CMC") in San Luis Obispo, California. He names as defendants M. Voong, the Chief of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"), and J. Knight, Appeals Examiner.

Plaintiff's allegations and the documents attached to the pleading may be fairly summarized as follows:

**A. RVR Hearing**

In October 2014, plaintiff allegedly refused a cellmate while housed at California State Prison in Los Angeles County. See Third Am. Compl. ("TAC") Ex. 3 (ECF No. 19 at 27). As a result, he was charged with Willfully Delaying a Peace Officer in the Performance of Duty. Id. Ex. 4 (ECF No. 19 at 30). Plaintiff was found guilty of the charge following an RVR hearing, but it was later determined that his due process rights were violated in the context of that hearing. See id. Ex. 2 (ECF No. 19 at 24). Therefore, a new RVR hearing was ordered. Id. At this second

hearing in April 2015, plaintiff was again found guilty of the charge. TAC Ex. 4 (ECF No. 19 at 30-33). Plaintiff was assessed, *inter alia*, loss of credits and privileges.

### B. Inmate Grievance

On May 11, 2015, plaintiff submitted an inmate grievance alleging that his due process rights were violated during the second RVR hearing. TAC Ex. 5. Plaintiff's appeal, Log No. LAC-D-15-001866 (the "1866 Appeal"), was bypassed at the first level of review, and it was denied at the second level of review on July 22, 2015. See id. Exs. 5-6.

On November 13, 2015, defendant Voong canceled the 1866 Appeal at the Third Leve of Review as untimely since the second level response was returned to plaintiff on July 22, 2015, and the Office of Appeals did not receive an appeal until September 23, 2015. TAC at "3B" (ECF No. 19 at 7), Ex. 5 (ECF No. 19 at 39).

On or around November 29, 2015, plaintiff filed an inmate grievance, Log No. OOA-15-03596 (the "3596 Appeal"), concerning Voong's cancelation of the 1866 Appeal. There, plaintiff claimed that the 1866 Appeal was untimely because he had been placed in a mental health crisis bed from July 19, 2015, to September 21, 2015, where he was without access to his legal materials or a pen because he was on suicide watch.

On February 25, 2016, the 3596 Appeal was granted in part at the Director's Level of Review by defendants Voong and Knight after it was determined that plaintiff's claim had merit. Accordingly, plaintiff was provided 30 days to re-submit Appeal 1886 with appropriate documents attached for processing.

In March 2016, plaintiff resubmit Appeal 1886 for processing, but twice the appeal was rejected by Voong. The appeal was first rejected on July 5, 2016, because plaintiff attached excessive documentation. On resubmission, the appeal was rejected on August 3, 2016, because certain documents were now missing.

Ultimately, the 1866 Appeal was considered on the merits and denied on October 18, 2016, by non-party Appeals Examiner Foston and defendant Voong.

Plaintiff claims defendant' rejection of the 1866 Appeal was "malicious, vindictive, willful, deliberate, intentional, and blatant" with the intent to discourage and frustrate plaintiff's ability to access the courts. He also claims their conduct prevented him from "filing" a civil rights claim. Attached to the pleading is a declaration of defendant Voong in another case, <u>Springfield v. Pixley</u>, 18-cv-0130-DDP-AGR (C.D. Cal.).

**IV.    Discussion**

    **A.    Access to Courts**

Generally, prisoners have a constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. <u>Id.</u> at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15 (2002); see also <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

In order to state a claim, an inmate must allege "actual injury," which is the threshold requirement to any access to courts claim. <u>Lewis</u>, 518 U.S. at 351-53; <u>Silva</u>, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." <u>Lewis</u>, 518 U.S. at 348; see also <u>Jones v. Blanas</u>, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting <u>Lewis</u>, 518 U.S. at 353 & n.4).

In addition, plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. <u>Harbury</u>, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." <u>Id.</u> at 417. Finally, plaintiff

must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Plaintiff's third amended complaint includes allegations that reveal the nature of his underlying claim in the 1866 Appeal—namely, a due process violation in the context of the second RVR hearing. However, he again fails to include any allegations as to whether he was in fact prevented from exhausting his administrative remedies that, in turn, prevented him from pursuing the underlying claim. While he claims that the defendants' cancellations of his appeal prevented him from "filing" a civil rights claim, he does not demonstrate how. In fact, the attachments to the third amended complaint reveal that the 1866 Appeal was denied on the merits on October 18, 2016, meaning that the administrative exhaustion requirement was satisfied for the underlying claim. Furthermore, the civil rights case referenced in the attachments, Springfield v. Pixley, 18-cv-0130-DDP-AGR (C.D. Cal.), concerns constitutional claims that are related to a February 2015 Unit Classification Committee hearing; it has no bearing on the second RVR hearing addressed in the 1866 Appeal.[1]

Accordingly, the Court again finds that plaintiff's pleading fails to include any "factual matter" to show how defendants caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. Lewis, 518 U.S. at 348; Jones, 393 F.3d at 936; Iqbal, 556 U.S. at 678. This claim must therefore be dismissed.

**B.    Leave to Amend**

The Court must now determine whether to allow plaintiff leave to further amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party

---

[1] Under Rule 201, the court can judicially notice "[o]fficial acts of the legislative, executive, and judicial departments of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Because court filings are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," pleadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

5

who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Here, plaintiff has been provided multiple opportunities to state a viable claim against one or more of the defendants. Each time, his allegations have failed to state a claim. It appears, then, that plaintiff has no additional facts to plead, rendering the option of amendment futile.

**V.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that a district judge be assigned to this case; and

IT IS HEREBY RECOMMENDED that the third amended complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: August 5, 2019

/DLB7;
DB/Inbox/Substantive/spri0016.scrn 3AC

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE